YAHN, APPELLANT, *v.* MAHONING NATIONAL BANK, APPELLEE.

(No. 80 C.A. 40—Decided January 5, 1982.)

*Mr. William B. Hewitt* and *Ms. Leda C. Hartwell,* for appellant.

*Mr. William D. Keast,* for appellee.

LYNCH, P.J. Plaintiff is appealing the judgment of the court of common pleas which sustained the motion of defendant for judgment notwithstanding the verdict of the jury in favor of plaintiff against defendant for $100,000 or in the alternative granting defendant's motion for a new trial.

Plaintiff's complaint was that on Tuesday, November 26, 1974, while a patron of defendant's Cornersburg branch bank, she slipped and fell on the floor at such bank, which was in a wet and slippery condition, as a result of which she suffered an undisplaced fracture of her left hip.

Plaintiff's testimony was that Tuesday morning, November 26, 1974, was a bright, sunny winter day; that prior to 8:00 a.m., a half-inch of snow had fallen but by 10:45 a.m. some of the snow had melted; that there was snow and slush in the parking lot near defendant's Cornersburg branch bank; that plaintiff entered the bank and walked to the last bank teller to transact her banking business; that there was a three-foot wide rubber mat in front of the tellers' cages; that the rubber mat was blocked by other customers; that she walked off the rubber mat onto the asphalt tile floor of the lobby of the bank; that after taking a few steps, her leg slipped out from under her; that she fell on the asphalt tile floor; that while she was lying on the floor, she reached for

her purse; that her right hand got wet from water on the floor; that her purse, coat and slacks were wet; that she had not seen any water on the asphalt tile floor before she fell; and that as a result of this fall plaintiff suffered an undisplaced fracture of her left hip.

The evidence established that during the period that subject accident occurred, every Tuesday morning between 9:00 and 11:00 a.m., subject branch bank of defendant set up a desk with one or more chairs in the area of the lobby, where this occurred, for the purpose of servicing between five and ten merchants handling Ohio lottery tickets. The merchants would stand or sit in front of this desk from twelve to fifteen minutes while a bank employee checked their lottery returns and issued new lottery tickets. A bank employee was servicing a merchant for lottery purposes at the time that plaintiff fell in the vicinity of subject desk in the lobby.

The manager of defendant's Cornersburg branch testified that the presence of puddles of water on the bank floor would be dangerous because patrons of the bank could very easily slip and fall on such puddles of water; that to prevent such an occurrence the bank had mats on the floor at the entrance to the bank, on the area to the tellers' cages and the entire length of the area in front of the tellers' cages. However, there were no mats of any kind around the desk servicing the lottery customers at the time of subject accident.

Defendant's witnesses, who were present when subject accident occurred, testified that they did not see any water in the area of the floor where plaintiff fell.

Plaintiff's only assignment of error is that the trial court erred in granting judgment for the defendant on its motion for judgment notwithstanding the verdict and/or in the alternative granting the motion of defendant for a new trial.

The trial court, in granting defendant's motion for judgment notwithstanding the verdict, found that plaintiff failed to produce sufficient evidence to prove that defendant was negligent in any particular.

The second paragraph of the syllabus of *Boles* v. *Montgomery Ward & Co.* (1950), 153 Ohio St. 381 [41 O.O. 403], is as follows:

"Ordinarily, no liability attaches to a store owner or operator for injury to a patron who slips and falls on the store floor which has become wet and slippery by reason of water and slush tracked in from the outside by other patrons."

In the *Boles* case, the court stated, in pertinent part, at page 384, as follows:

"Cases of this type sometimes involve narrow distinctions and a decision in each case depends largely on the facts of the particular case."

In *Presley* v. *Norwood* (1973), 36 Ohio St. 2d 29 [65 O.O.2d 129], the court stated, in pertinent part, at page 31, as follows:

"The duty owed by a proprietor to his business invitees is one of ordinary care to insure their safety. *S. S. Kresge Co.* v. *Fader* (1927), 116 Ohio St. 718. This duty has been more particularly defined as it applies to differing fact patterns. Where, as here, injury arises from a 'slip and fall' due to a hazardous condition not created by the proprietor or his employees, the rule is clear. In such cases, the plaintiff must show that the defendant had, or in the exercise of ordinary care should have had, notice of the hazard for a sufficient time to enable him, in the exercise of ordinary care, to remove it or warn patrons about it."

Civ. R. 50(A)(4) provides as follows:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court

shall sustain the motion and direct a verdict for the moving party as to that issue."

See *White Motor Corp.* v. *Moore* (1976), 48 Ohio St. 2d 156, 160 [2 O.O.3d 338]; *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215 [58 O.O.2d 424]; 5 Ohio Jurisprudence 3d 149, Appellate Review, Section 582.

Both *Boles* and *S. S. Kresge Co.* v. *Fader* (1927), 116 Ohio St. 718, concerned patrons of stores who slipped and fell on slippery wet floors caused by either rain or snow that was in the vicinity of the entrance door to the stores. This case can be distinguished from the *Boles* and *Kresge* cases because subject accident did not occur either in the vicinity of the entrance door to subject bank or in the usual path of customers doing business with the bank. Subject accident occurred between thirty to fifty feet from the front entrance in an area of the bank that only serviced lottery customers once a week on Tuesdays from 9 to 11 a.m. Furthermore, although there was some snow and slush in the parking lot, it had not been snowing for over two hours before this accident.

We hold that construing the evidence most strongly for the plaintiff there was a jury question on the foreseeability of the presence of water on the area of the floor of subject bank at the time of subject accident. Plaintiff testified that there was water on such floor which she did not see before falling and that she was unaware of the practice of defendant bank to service lottery customers on subject morning.

The testimony of the practice of defendant bank in servicing lottery customers on subject morning was such that the jury could infer that melting snow and slush on lottery customers' shoes could leave water on subject floor.

The testimony of defendant's Cornersburg branch manager established that defendant was aware that subject floor was dangerously slippery when wet; that mats had been placed in areas where patrons would walk to the tellers, but that mats had not been placed in the area where the lottery customers were serviced. We hold that defendant bank was in a better position to foresee the presence of water in the floor area at issue because of snow and slush in the parking lot, and lottery customers being serviced, than plaintiff would be. However, defendant's employees did not put mats in this area as they had done in other areas of the bank that was servicing their patrons and they had not inspected this area prior to the time of this accident.

Therefore, we hold that the trial court committed error in sustaining defendant's motion for judgment notwithstanding the verdict.

The pertinent paragraphs of the syllabus of *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 83 [52 O.O.2d 376], are as follows:

"1. Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court.

"* * *

"3. There is a basic difference between the duty of a trial court to submit a case to the jury where 'reasonable minds' could differ and the right of a trial court to grant a new trial on the basis of its conclusion that the verdict is not 'sustained by sufficient evidence.' The former does not involve any *weighing* of the evidence by the court; nor is the court concerned therein with the question of credibility of witnesses. However, in ruling on a motion for new trial upon the basis of a claim that the judgment 'is not sustained by sufficient evidence,' the court must weigh the evidence and pass upon the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that

the verdict is against the manifest weight of the evidence."

Upon a review of the entire record of this case, we are unable to say that the trial court abused its discretion in granting defendant's motion for a new trial.

Judgment reversed on the trial court's sustaining defendant's motion for judgment notwithstanding the verdict. Judgment affirmed on the trial court's granting defendant's motion for a new trial.

*Judgment affirmed in part and reversed in part.*

O'NEILL and DONOFRIO, JJ., concur.