LAWSON ET AL., APPELLANTS, *v.* COLUMBIA GAS OF OHIO, INC., APPELLEE.

(No. 83AP-866 — Decided August 30, 1984.)

*Frank A. Ray,* for appellants.
*Porter, Wright, Morris & Arthur,* and *William M. Todd,* for appellee.

REILLY, J. Plaintiffs appeal from the granting of summary judgment in

favor of defendant. They assert one assignment of error, as follows:

"The trial court erred by sustaining defendant's motion for summary judgment as plaintiffs offered sufficient evidence to place in issue the constructive knowledge on the part of defendant concerning the dangerous condition of the floor of its business premises."

Plaintiffs, Judith D. and Robert W. Lawson, sued defendant, Columbia Gas of Ohio, Inc., for injuries which resulted from a fall which Judith Lawson experienced in defendant's office on March 7, 1980. She had gone to defendant's Marion, Ohio office to pay her gas bill, and fell on a wet floor in the main lobby as she approached a service counter. Plaintiff testified in a deposition that she fell on a tile portion of the floor, after having taken three or four steps off a carpet runner. The floor was "highly waxed and buffed," and she stated that once she fell to the floor, she noticed that it was wet. Plaintiff also testified that it had been snowing lightly earlier in the day, that it was not snowing at the time she entered the office and that the streets and sidewalks were still wet.

In support of its motion, defendant submitted the affidavit of Donald Kielmeier, a gas company supervisor, who stated that he was in charge of the office on the day that plaintiff fell, that he was unaware of any dangerous condition of the lobby floor, that he had received no complaints of a wet or slippery condition of said floor, and that the water on the floor could only have been tracked in by customers who preceded plaintiff into the office. Based upon plaintiff's deposition and defendant's affidavit, the trial court granted summary judgment to defendant.

It is well-settled that summary judgment shall not issue unless it appears from the evidence properly before the trial court:

"* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66 [8 O.O.3d 73].

In the area of the duty of care of shopkeepers toward patrons, the Supreme Court has held that a shopkeeper is not an insurer of his patrons' safety, but rather owes only a duty of ordinary care to prevent accident and injury to the patron. See, *e.g., S. S. Kresge Co.* v. *Fader* (1927), 116 Ohio St. 718; *Rayburn* v. *J.C. Penney Outlet Store* (1982), 3 Ohio App. 3d 463. Such duty, however, does not extend to hazards which are known or should be discovered by a patron, as noted in the first paragraph of the syllabus in *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45 [42 O.O.2d 96], as follows:

"An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them."

Thus, an occupier of premises is generally not liable for injuries suffered by a patron who falls on water tracked into the premises by other patrons, for such patron is customarily held to anticipate such dangerous condition and protect himself against it. *Kresge, supra; Rayburn, supra.* Moreover, as noted by this court in *Rayburn, supra,* constructive notice on the part of the shopkeeper is not the determinative issue.

Nevertheless, as the Supreme Court cautioned in *Boles* v. *Montgomery Ward & Co.* (1950), 153 Ohio St. 381, 384 [44 O.O. 403], "[c]ases of this type some-

times involve narrow distinctions and a decision in each case depends largely on the facts of the particular case."

Construing the evidence most strongly in favor of plaintiffs, reasonable minds might differ as to whether the water on the floor was so obvious and apparent to Judith Lawson that she might reasonably be expected to discover it and protect herself against it. See *Yahn* v. *Mahoning Natl. Bank* (1982), 4 Ohio App. 3d 172. Plaintiff testified that it had snowed earlier in the day, but it appears to have stopped sometime prior to her visit to defendant's office. Although she states that the sidewalks were wet, it can reasonably be questioned whether there was such moisture as to be transferred from the sidewalk to patrons' shoes. (Cf. *Rayburn, supra,* at 465, where that plaintiff testified in deposition to a "pretty heavy rain," which caused him and other patrons to sit in their cars in the parking lot until it subsided.) In addition, plaintiff described a large lobby area peopled by a small number of customers, with several children "running around." In view of the low volume of customer traffic and the activity of the children, it would be reasonable to anticipate that the carpet runner had absorbed what little water might have been tracked into the lobby. Therefore, summary judgment in favor of defendant was improper in this case.

For the foregoing reasons, the assignment of error is well-taken, and the judgment of the trial court is reversed. The cause is remanded to the trial court for further proceedings consistent with law and this opinion.

*Judgment reversed and cause remanded.*

WHITESIDE and NORRIS, JJ., concur.