{¶ 21} Because I disagree with the majority's conclusion that determining whether a hazard is open and obvious is a question for the jury rather than the court, I respectfully dissent. Although the application of the open and obvious doctrine requires consideration of the facts, when those facts are undisputed, the applicability of the doctrine is a question of law. Horner v. Jiffy Lube Intl., Inc. Franklin App. No. 01AP-1054, 2002-Ohio-2880, at ¶ 19. This is because the open and obvious doctrine, when applicable, eliminates the landowner's duty to a business invitee.
 {¶ 22} In the case at bar, the facts are undisputed. Appellant admitted it had been raining on the morning of her fall, although the rain had stopped prior to appellant's arrival at the premises. Appellant admitted that there was standing water in the parking lot upon her arrival. Although appellant slipped and fell in an interior hallway 15 to 20 steps from the outside door, appellant essentially admitted that she slipped on water that had been tracked in by others using the same entrance earlier that morning — or at least that was her assumption. Another witness who discovered appellant after her fall stated that the wet floor was caused by moisture tracked in from outside. These facts are undisputed. There was no evidence or assertion that there was any other source for the water on the floor at the time appellant slipped and fell. The question then becomes, based on these undisputed facts, was this hazard open and obvious thereby eliminating a landowner's duty to business invitees. I believe that is a question of law for the court to answer.
 {¶ 23} Pursuant to the open and obvious doctrine, the premises owner is generally not liable for injury suffered by an invitee who falls on water tracked into the premises by other invitees, for such an invitee is customarily held to anticipate such dangerous condition and to protect herself against it.Lawson v. Columbia Gas of Ohio, Inc. (1984),20 Ohio App.3d 208, 209. "It is not the duty of persons in control of * * * buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas." S.S. Kresge Co. v. Fader (1927),116 Ohio St. 718, 723-724. Liability can arise only when the owner knows that the condition is substantially more dangerous than a business invitee would reasonably anticipate based upon common experience. Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38, paragraph one of the syllabus.
 {¶ 24} Construing the evidence most strongly in favor of appellant, I would conclude as a matter of law that the hazardous condition at issue here was open and obvious. As noted by the Supreme Court of Ohio, "[e]verybody knows that the hallways between the outside doors of such buildings and the elevators or business counters inside the building during a continued rainstorm are tracked all over by the wet feet of people coming from the wet sidewalks, and thereby rendered more slippery than they would otherwise be." S.S. Kresge Co., at 723-724. Here, the fact that the landlord took measures to reduce the risks by placing mats in the area does not demonstrate that it had superior knowledge of the hazard.
 {¶ 25} The majority opinion suggests that an issue of fact arises from the undisputed fact that appellant slipped and fell on a wet floor 15 to 20 steps from the outside door. One could certainly argue that, even when it has been raining, the farther away the wet floor is from the outside door, the greater the likelihood that the water originated from a source other than foot traffic/umbrellas bringing in water from outside. In turn, if the wet floor was not caused by people tracking water in from outside, the hazard may not be open and obvious. Here, however, the parties did not dispute that the source of the water which caused appellant's fall was from water tracked in by other business invitees from outside after a rainstorm. Conditions such as these are common during inclement weather. Because appellant slipped and fell on a wet floor caused by these common conditions, I would conclude as a matter law of that the open and obvious doctrine eliminates appellee's duty and precludes appellant's negligence claim. Therefore, I would overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas. Because the majority concludes otherwise, I respectfully dissent.