OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Michael and Patricia Bridewell, filed May 18, 2006. On January 14, 2004, Michael slipped and fell next to a purified water dispenser in the Miamisburg, Ohio, store of Appellee Dayton Foods Limited Partnership, *Page 2 
dba Cub Foods ("Cub"). Cub customers could fill jugs with purified water at the dispenser for purchase from the store. The Bridewells filed a Complaint for personal injuries on February 18, 2005, and Cub moved for summary judgment on July 11, 2005. The trial court overruled the motion on August 31, 2005.
 {¶ 2} On December 22, 2005, Cub filed a motion in limine, asking the trial court to exclude the testimony of the Bridewells' expert witness, Bernard Krotchen, and to exclude "any testimony regarding past instances of water on the floor as proof of Cub's notice." On April 24, 2006, the trial court issued a Decision sustaining Cub's liminal motion, vacating its earlier decision overruling Cub's motion for summary judgment, and granting summary judgment in favor of Cub.
 {¶ 3} The Bridewells assert one assignment of error as follows:
 {¶ 4} "THE TRIAL COURT ERRED IN GRANTING DAYTON FOODS LIMITED PARTNERSHIP'S MOTION FOR SUMMARY JUDGMENT BASED ON THE ISSUE OF NOTICE"
 {¶ 5} "Our review of the trial court's decision to grant summary judgment is de novo. (Internal citations omitted.) Civ. R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material facts (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. (Internal citations omitted). The moving party `bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrates *Page 3 
the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.' (Internal citations omitted). If the moving party satisfies its initial burden, `the nonmoving party then has a reciprocal burden * * * to set forth facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.'" (Internal citations omitted). Brant v.Meijer, Inc., Montgomery App. No. 21369, 2006-Ohio-6300.
 {¶ 6} In sustaining Cub's motion for summary judgment, the trial court relied on Boles v. Montgomery Ward Co. (1950), 153 Ohio State 381,92 N.E.2d 9, which held, "The admissibility of evidence as to similar occurrences to show notice or knowledge of danger is generally confined to situations where there are conditions of permanency, such as defects in substantial structures like buildings, machines, sidewalks and streets. Such evidence is not competent or admissible where it relates to a temporary condition which might or might not exist from one day to the next and where there is no showing that conditions surrounding the prior occurrences persisted and surrounded the occurrence which resulted in plaintiff s injury."
 {¶ 7} Cub argued that any water on the floor where Bridewell fell resulted from a temporary condition, and, accordingly, evidence of prior incidences of water on the floor by the dispenser was not admissible. The trial court reviewed the deposition of Mark E. Tayloe, an assistant store manager at Cub, who completed an incident report following Bridewell's fall. When asked how often customers caused water to spill on the floor while using the water dispenser, Tayloe replied, "some days it would happen every twenty minutes or half hour. Some days it would never happen at all." Tayloe stated that spills were cleaned up immediately when reported to store employees, and that the area of the water cooler was part of an hourly floor *Page 4 
inspection. The court noted that there was no evidence "that any spills from the cooler remained on the floor for any length of time.
 {¶ 8} "Based on the foregoing, the court finds that the condition of water spillage at Defendant's grocery store that allegedly caused Plaintiff to fall was not a permanent condition. Therefore, underBoles, any evidence of prior spillage from the water cooler would be inadmissible at trial."
 {¶ 9} "It has been held that owners or operators of stores are not insurers against all accidents and injuries to their patrons, but owe the duty of ordinary care toward such patrons to keep the premises in a reasonably safe condition for the patrons' protections." Boles.
 {¶ 10} We agree with the trial court that the condition at the water dispenser was temporary in nature. Tayloe further stated, when asked why Cub did not place wet floor signs near the cooler, "It wasn't a frequency. It was more of an erratic situation more than a frequency. Like I said, I'd go two or three days and never have anybody spill anything. And then you would have one customer that would come in and they would slop it all over the place. There was no consistent pattern of spillage." Daniel Bean, a five-year Cub employee who has held several positions at the store, stated that he had seen water on the floor by the dispenser, "somewhere between once a month to once a year; but I couldn't even say that that was completely true." Bean also could not recall any other incident in which a customer slipped and fell as a result of water on the floor in the immediate vicinity of the dispenser.
 {¶ 11} Further, there was no evidence before the court of an abiding defect in a substantial structure. It was never alleged that the water cooler leaked, but only that Cub's customers occasionally spilled the water on the floor. Since it was customary for the water to be *Page 5 
cleaned up whenever it was spilled, the water on the floor when Bridewell fell was a temporary condition. In other words, there was no evidence of a persistent wet condition surrounding the water dispenser at the time Bridewell fell.
 {¶ 12} Bridewell relies on three cases from other districts which are distinguishable. In Yahn v. Mahoning National Bank (1982),4 Ohio App.3d 172, 446 N.E.2d 1132, the plaintiff slipped and fell in water tracked in by bank customers, not in the vicinity of the entrance to the bank but rather thirty to fifty feet from the entrance in an area of the bank that only serviced lottery customers once a week. In affirming the trial court's granting of defendant's motion for a new trial, the court held that "defendant bank was in a better position to foresee the presence of water in the floor area at issue because of snow and slush in the parking lot, and lottery customers being serviced, than plaintiff would be. However, defendant's employees did not put mats in this area as they had done in other areas of the bank that was servicing their patrons and they had not inspected this area prior to the time of this accident."
 {¶ 13} The plaintiff in Lawson v. Columbia Gas of Ohio, Inc. (1984),20 Ohio App.3d 208, 485 N.E. 2d 837 also slipped and fell in water tracked into defendant's office. In reversing summary judgment for defendant, the court determined, while the sidewalks outside were wet, "it can reasonably be questioned whether there was such moisture as to be transferred from the sidewalk to patrons' shoes. * * * In addition, plaintiff described a large lobby area peopled by a small number of customers, with several children `running around.' In view of the low volume of customer traffic and the activity of the children, it would be reasonable to anticipate that the carpet runner had absorbed what little water might have been tracked into the lobby."
 {¶ 14} Finally, in Wilson v. Eastgate Co. (March 27, 1995), Clermont App. No. CA94-04-027, *Page 6 
the plaintiff slipped and fell on a piece of chicken. Pieces of chicken were being passed out by employees of Chick-Fil-A at the mall. The mall manager acknowledged that "chicken on the floor would be a hazardous condition * * * [and] that there is a duty to police areas where food falls." Further, "Chick-Fil-A had been warned on previous occasions that passing out chicken beyond their lease line violated mall policy." The court reversed summary judgment in favor of defendant. Unlike inWilson, there was no evidence that Cub employees caused the hazardous condition resulting in Bridewell's injury, but rather the facts establish that they inspected the area hourly and immediately cleaned up any water that was spilled. In other words, Cub met its duty of ordinary care toward Bridewell.
 {¶ 15} Since the wet condition surrounding the water dispenser was temporary in nature, the trial court properly found that any evidence of prior spillage was inadmissible and thus, correctly granted summary judgment in Cub's favor. The Bridewells' assignment of error is overruled. Judgment affirmed.
 WOLFF, P.J. and FAIN, J., concur. *Page 1