HORNE, APPELLEE, *v.* CLEMENS ET AL., APPELLANTS.

(No. 1140—Decided April 8, 1985.)

*A. P. Leary,* for appellee.
*James P. Burnes,* for appellants.

DAHLING, P.J.   Plaintiff, William Jeffrey Horne, a classified civil servant and employee at Metzenbaum Sheltered Industries, which is part of the Geauga County Board of Mental Retardation, instituted an action pursuant to Section 1983, Title 42, U.S. Code, in the Court of Common Pleas of Geauga County against two of his superiors, George D. Clemens and Richard Klepper. Plaintiff alleged violations of his right to due process and he contended that defendants engaged in a course of conduct which consistently denied him due process and identified four areas of concern: his personnel file; his suspension; his transfer; and his employment by CETA. Defendants filed a motion for summary judgment which was overruled by the trial court.

At trial the court dismissed the "transfer" aspect of the plaintiff's claim, for failure to exhaust administrative remedies. This was done prior to the seating of the jury. At the close of plaintiff's case, the trial court eliminated the "CETA" issue, on defendants' motion. The jury found that sufficient due process had been accorded plaintiff with regard to his suspension. However, the jury found that plaintiff's due process rights had been violated by defendants in their placing certain documents in plaintiff's personnel file. The jury awarded plaintiff $6,000 for mental anguish.

This appeal followed.

Plaintiff was a classified civil servant. Defendants were thus required to maintain a personnel file for him. The policy manual, defendant Clemens conceded, gave no authority for placing critical memorandums in plaintiff's personnel file. Clemens could cite no authority for placing critical memorandums in plaintiff's file. Clemens also knew that before he put anything critical in plaintiff's file, he should have given plaintiff notice and an opportunity to be heard.

Clemens also admitted that he did not always observe this fundamental principle and that he did not always give plaintiff notice and an opportunity to be heard before putting critical items in plaintiff's personnel file.

Numerous memos were placed in plaintiff's file. These memos contained accusations concerning theft, endangering and abusing clients and comments concerning plaintiff's deteriorating performance. Plaintiff was never notified of these letters, nor were the accusations corroborated or substantiated.

There was also evidence with regard to plaintiff's exhaustion of administrative remedies. When plaintiff appealed by letter to the Geauga County Board of Mental Retardation ("169 Board") about the disallowance of extra pay for his work in a lawn maintenance program and a Special Olympics program,

Clemens and Klepper told plaintiff, according to Klepper, if he didn't rescind the letter, his programs would be cancelled or limited. Plaintiff's recollection was that the programs were in fact cancelled until he rescinded his appeal. Plaintiff was thereafter fearful of punitive action if he ever made an effort to solve his problems administratively.

Defendants' assignments of error each maintain that the trial court erred in overruling their motions for summary judgment and a directed verdict.

The court, in *Rayburn* v. *J.C. Penney Outlet Store* (1982), 3 Ohio App. 3d 463, at 463-464, stated:

"At the outset, from the arguments of counsel, the distinction between the test to be applied upon a motion for a directed verdict and that to be applied upon a motion for summary judgment must be made clear. In each instance, the evidence is construed most strongly in favor of the party against whom the motion is directed, and the motion must be overruled unless from the evidence so construed reasonable minds could reach no other conclusion but that, under the applicable law, the movant is entitled to a judgment in his favor.

"The difference is that the foregoing is the entirety of the test in the case of a motion for a directed verdict, but there is one additional qualification in the case of a motion for summary judgment. The trial court also must determine upon a motion for summary judgment whether or not there is a genuine issue as to any material fact."

These standards must be kept in mind when examining each assigned error.

### Assignment of Error No. I

"I. The trial court erred in overruling appellants' motion for summary judgment and motions for directed verdict made at the close of appellee's case and the close of trial insofar as all motions were based upon appellee's failure as a matter of law to plead or prove a cause of action for deprivation of liberty under 42 U.S.C. § 1983."

Defendants' first assignment of error contends that their motions for summary judgment and a directed verdict should have been sustained as plaintiff failed to plead or prove a cause of action under Section 1983, Title 42, U.S. Code. The assigned error is without merit.

Section 1983, Title 42, U.S. Code, provides, in part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. * * *"

Plaintiff alleged that both liberty and property interests were violated by the inclusion of damaging statements in his personnel record. He accurately outlines the minimum prerequisites which constitute a violation of Section 1983, Title 42, U.S. Code, under facts such as those in the present case.

The United States Supreme Court has identified the following minimal prerequisites which, in combination, indicate that a violation of the right to due process has occurred:

(1) there must be a "false and defamatory" public statement concerning the individual alleging injury. *Codd* v. *Velger* (1977), 429 U.S. 624, 628;

(2) the statement must have been made in connection with a termination or other adverse employment action. *Bd. of Regents* v. *Roth* (1972), 408 U.S. 564; *Bishop* v. *Wood* (1976), 426 U.S. 341; *Codd* v. *Velger, supra;*

(3) it must be shown that the employer's statement forecloses future

employment opportunities. *Paul* v. *Davis* (1976), 424 U.S. 693; *Sullivan* v. *Brown* (C.A. 6, 1976), 544 F.2d 279; *Lake Michigan College Federation of Teachers* v. *Lake Michigan Community College* (C.A. 6, 1975), 518 F.2d 1091, certiorari denied (1976), 427 U.S. 904; and

(4) it must be shown that the allegedly injurious reasons for the employer's actions were published by the employer in such a fashion as to severely damage the claimant's standing and associations in the community. *Bd. of Curators* v. *Horowitz* (1978), 435 U.S. 78; *Bishop* v. *Wood, supra,* at 348.

Defendants claim that plaintiff has failed to prove that the statements included in plaintiff's personnel record foreclosed employment opportunities. Plaintiff's pleading and evidence did sufficiently raise and prove this factual issue. There was evidence that plaintiff was unable to obtain other employment. He presented evidence that he was in a position to get a job at the Medina County Board of Mental Retardation until the director of the board spoke with defendant Klepper, nor were defendants able to show that no one had inquired into plaintiff's personnel record. As there was a factual issue as to which reasonable minds could come to different conclusions, overruling defendants' motions was appropriate. *Rayburn, supra.*

### Assignments of Error Nos. II and III

"II. The trial court erred in overruling appellants' motion for summary judgment and motions for directed verdict made at the close of appellee's case and the close of trial insofar as all motions were based upon appellee's failure as a matter of law to plead or prove that the remedy provided by state statute was inadequate to provide due process.

"III. The trial court erred in overruling appellants' motion for summary judgment and motions for a directed verdict insofar as said motions were based upon the undisputed fact that appellee had failed to exhaust available administrative remedies."

These assignments of error are addressed together as each maintains that plaintiff did not seek the appropriate state or administrative remedy.

In *Patsy* v. *Bd. of Regents* (1982), 457 U.S. 496, the Supreme Court examined the legislative intent behind Section 1983, Title 42, U.S. Code, to determine this issue, stating:

"* * *'The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked'* * *." *Id.* at 506.

The court also rejected the argument that Section 1983, Title 42, U.S. Code, requires a judicially imposed exhaustion-of-administrative-remedy requirement. *Id.* at 512-515. Thus, the assignments of error are without merit.

### Assignment of Error No. IV

"IV. The trial court erred in overruling appellants' motion for summary judgment and motions for directed verdict made at the close of appellee's case and the close of trial insofar as all motions were based upon the argument that appellee's claim became moot and speculative as a result of Mr. Horne voluntarily entering the military for a minimum of two years."

This assignment of error is also without merit. Plaintiff's decision to enter the military does not render the issues in the case moot. He still has a " ' "legally cognizable interest in the outcome." ' " *Murphy* v. *Hunt* (1982), 455 U.S. 478, 481; *Powell* v. *McCormack* (1969), 395 U.S. 486, 496. These statements still may have an adverse effect on his employment opportunities.

### Assignment of Error No. V

"V. The trial court erred in instructing the jury that if it found a rule or understanding that no entry would be

made into the plaintiff's personnel file without it having first been shown to and discussed with the plaintiff[, then] a property interest exists."

Defendants contend that the following jury instruction was erroneous:

"The plaintiff also claims a property interest in his personnel file. If you find by preponderance of the evidence that there was a rule or understanding that no entry would be made into the plaintiff's personnel file without it having first been shown to and discussed with the plaintiff, then a property interest exists, and the plaintiff may demand the entries in his personnel file be accomplished with such due process of law."

The jury instruction accurately expresses the law.

"* * * [W]e are persuaded that the repeated use of explicitly mandatory language in connection with requiring specific substantive predicates demands a conclusion that the State has created a protected * * * interest." *Hewitt* v. *Helms* (1983), 459 U.S. 460, at 472.

Defendants conceded at trial that personnel procedure required notification before a damaging statement could be placed in the personnel file. The Ohio Privacy Act also provides for specific requirements in regards to personnel records. Thus, the assigned error is without merit.

Assignment of Error No. VI

"VI. Because the right claimed by appellee was not clearly established, the trial court erred in overruling appellants' motions for a directed verdict based upon their immunity from liability."

Finally, defendants argue that they are protected by qualified immunity.

"* * * The official himself must be acting sincerely and with a belief that he is doing right * * *." *Wood* v. *Strickland* (1975), 420 U.S. 308, at 321.

Defendants conceded that they dis-regarded personnel policy and did not notify plaintiff as required. Again, this raises a factual issue on this matter. Thus, neither summary judgment nor a directed verdict would have been appropriate. The assigned error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD and COOK, JJ., concur.