### Reese v. Burger King
### Case No. 89AP856
### Franklin County, (10th)
### Decided February 13, 1990
[Cite as 1 AOA 421]

*Wolske & Blue, Mr. Gerald S. Leeseberg and Mr. Craig P. Scott, for appellants.*

*McNamara & McNamara, Mr. John L. Miller and Mr. David S. Cooper, for appellees.*

McCORMAC, P.J.

Plaintiffs-appellants, Marjorie R. Reese and Howard F. Reese, brought suit for monetary damages against defendants-appellees, Burger King Restaurant and Burger King Corporation, in the Franklin County Court of Common Pleas alleging that appellees had negligently breached a duty owed to appellants resulting in injury to appellant Marjorie Reese. After appellants had finished presenting their evidence on liability to the trial court and jury, the trial court sustained appellees' motion for a directed verdict. Appellants appeal, asserting the following assignment of error:

"The trial court improperly and prejudicially granted defendant-appellee's motion for a directed verdict pursuant to

Rule 50(A) of the Ohio Rules of Civil Procedure."

On the morning of January 26, 1987, appellant and her husband went to the drive-thru window at a Burger King Restaurant in Reynoldsburg, Ohio. They ordered two cups of decaffeinated coffee and one cup of water. A Burger King employee put together their order, placed the drinks consisting of two cups of hot water and one cup of cold water in styrofoam cups with lids on them in a tray along with packets of Sanka Decaffeinated Coffee, and handed it to appellant's husband who was driving. He then gave the tray to appellant and parked their car in a spot in the Burger King parking lot. Appellant gave her husband the cup of water, he drank about half of it and returned it to her. She replaced it in the tray. Appellant then mixed a cup of coffee for her husband and handed it to him. Because the coffee was quite hot, he did not drink it; instead he placed it on the dash of the car. At this time, appellant, who was holding the tray on her lap, proceeded to mix her cup of coffee. As she reached for a second packet of Sanka, the tray tipped causing the remaining cup of hot water to spill onto her lap and to soak through her slacks. While appellant attempted to hold the hot clothing off of her legs, her husband drove to their home which was about twelve miles away. It was not until she returned home and was able to remove her clothing that appellant realized the severity of her burns. Appellant saw a doctor for the treatment of the burns until the end of May 1987. At the time of trial in July 1989, she stated that the area which had been burned was still sensitive when touched.

In granting appellees' motion for a directed verdict, the trial court referred to appellants' failure to introduce evidence establishing that appellees had been negligent and, also, stated its opinion that the facts of the case established that appellants' negligence had been greater than any negligence of appellees.

A trial court will sustain a motion for directed verdict if, after construing the evidence most strongly in favor of the parties against whom the motion is directed, the court finds that based upon the evidence before it reasonable minds could reach only one conclusion and that conclusion is adverse to the non-moving party. Civ. R. 50(A)(4); *Rayburn* v. *J.C. Penney Outlet Store* (1982), 3 Ohio App. 3d 463, 464.

To establish a cause of action in negligence, a person must establish the existence of a duty owed by the defendant to the moving party, the breach of such duty, and an injury resulting proximately from such breach. *Feldman* v. *Howard* (1967), 10 Ohio St. 2d 189, 193; *Bennison, Admx.*, v. *Stillpass Transit Co.* (1966), 5 Ohio St. 2d 122, paragraph one of the syllabus.

The Reeses were business invitees. Appellees owed them the duty of ordinary care in maintaining its premises in a reasonably safe condition so that they and other business invitees would not be unnecessarily and unreasonably exposed to danger. *Paschal* v. *Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St. 3d 203.

The duty which appellants allege that appellees breached was its failure to securely place the lids on the cups of hot water. Appellants have failed to cite any case law establishing that appellees had a duty to place any lid at all upon the cups of hot water let alone to place them so securely that the contents would not spill when tipped over. There was no evidence of any promise by appellees to do so, nor was there reasonable reliance upon any inference that the lids would prevent spillage if the cups were upset.

It can be noted that a tight lid could pose as much danger as a loose lid; a tight lid can be difficult to remove and cause the contents to slash or spill while a person is attempting to remove such a lid.

Accordingly, the trial court did not abuse its discretion when it sustained the motion for directed verdict based upon its conclusion that appellants had failed to establish negligence on part of appellees.

While we regret the injuries which appellant received, we do not believe that the injuries resulted from the negligent behavior of appellees. As previously noted, an establishment such as Burger King is in a no-win situation as far as the type of lids they choose to employ. A tight lid may pose a threat to the safety of customers from spillage just as a loose lid does.

The world in which we live is an imperfect one, one in which accidents will happen due to no one's negligence. The present case represents such an instance. The growing tendency of the victims of accidents and their attorneys to always attempt to find a reason to blame someone else to obtain compensation is disturbing where any reasonable person should

recognize that the injury was not another person's fault. It seems that injuries from incidents that regularly happen at home and would be considered as accidents as a matter of course become full blown negligence actions when a solvent defendant is involved. Our society will benefit if this type of thinking is eliminated. No one benefits from the prosecution of cases involving accidents which, while with hindsight may have been avoided, are unquestionably not the result of any unreasonable behavior.

Appellants' assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and YOUNG, JJ., Concur.