## LaPonza
## v.
## Sears, Roebuck & Co.
[Cite as 4 AOA 325]

Case No. 58578
Cuyahoga County, (8th)
Decided June 28, 1990

*Robert W. Todt, Esq., Jeffrey D. Lojewski, Esq., Berger & Kirschenbaum, 1919 E. 13 Street, Cleveland, OH 44114, for Plaintiffs-Appellants.*

*Jane T. Seelie, Esq., Seeley, Savidge & Aussem, 800 Baker Building, 1940 E. 6 Street, Cleveland, OH 44114, for Defendant-Appellee.*

*Per Curiam.*

This is an accelerated appeal brought pursuant to App. R. 11.1 and Loc. R. 25 of the Eighth District Court of Appeals, Cuyahoga County.

Plaintiffs-appellants, Fred and Jean LaPonza, appeal from the grant of summary judgment by the Cuyahoga County Court of Common Pleas in favor of defendant-appellee, Sears, Roebuck & Co. Fred LaPonza filed suit against appellee on November 14, 1988, for injuries he allegedly suffered on January 26, 1987 when he slipped, but did not fall, on a wet floor at appellee's department store at 6950 West 130 Street, resulting in injuries to his right knee, proximately caused by appellee's alleged negligence. Jean Laponza joined in the suit for the loss of the consortium and services of her husband.

Appellants assign the following two errors for our review, which will be considered together since both rest on common bases of law and fact:

"I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE DEFENDANT/APPELLEE'S RULE 56 MOTION FOR SUMMARY JUDGMENT, WHERE REASONABLE MINDS COULD NOT HAVE COME TO BUT A SINGLE CONCLUSION ADVERSE TO THE PLAINTIFFS/APPELLANTS.

"II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE DEFENDANT/APPELLEE'S RULE 56 MOTION FOR SUMMARY JUDGMENT, WHERE THE DEFENDANT/APPELLEE WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."

Essentially, appellants argue that the appellees had not satisfied the requirements for summary judgment, as provided at Civ. R. 56(C), which states in part

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." See *Porter* v. *Miller* (1983), 13 Ohio App. 3d 93; *Keister* v. *Park Centre Lanes* (1981), 3 Ohio App. 3d 19 (negligence actions).

In the instant case, appellee Sears referred in its motion for summary judgment solely to the deposition testimony of appellant Fred LaPonza and his friend, Michael Gabor, who accompanied appellant to appellee's store on the date of the accident. Appellant's brief in opposition to appellee's motion likewise limits itself to this deposition testimony. No other evidentiary materials listed in Civ. R. 56 were submitted.

It is clear upon thorough review of the record on appeal, including a careful reading of the two depositions, that after viewing the evidence in a light most favorable to appellants, as we are required to do, *Morris* v. *Ohio Cas. Co.* (1988), 35 Ohio St. 3d 45, there certainly remains a genuine issue of material fact as to 1) whether the water was tracked in by other customers; and 2) whether appellee breached its duty of ordinary care by allowing the alleged 6' x 6' unnatural accumulation of water to remain standing for an unreasonable period of time. Cf. *Cohen* v. *Kroger Co.* (1982), 8 Ohio App. 3d 21; *Johnson* v. *Wagner Provision Co.*(1943), 141 Ohio St. 584, at paragraph 3 of syllabus; *Presley* v. *Norwood* (1973), 36

Ohio St. 2d 29; *Schon* v. *National Tea Co.* (1971), 28 Ohio App. 2d 49; *Boles* v. *Montgomery Ward & Co.* (1950), 153 Ohio St. 381; *Anaple* v. *Standard Oil Co.* (1955), 162 Ohio St. 537; *Keister, supra*, at 24.

Accordingly, appellee was not entitled to judgment as a matter of law, and the judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

PATTON, P.J., and MATIA, J., concur.

KRUPANSKY, J., dissents.

I respectfully dissent from the majority opinion in the case *sub judice* for the reason that appellee herein breached no duty owed appellant as a business invitee and, therefore, summary judgment was proper.

Well established Ohio law states a shopkeeper is under no duty to protect business invitees from dangers "which are known to such invitee or are *so obvious* and apparent to such invitee that he may be reasonably expected to discover them and protect himself against them." *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45, paragraph one of syllabus. (Emphasis added).

Furthermore, in 1985 the Ohio Supreme Court dealt with the exact issue presented here when a customer slipped and fell in a puddle of water tracked into a pharmacy fifteen feet into the store when there was one inch of snow on the ground in *Paschal* v. *Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St. 3d 203. The *Paschal* court stated as follows:

"* * * This court has dealt with this exact issue in *S.S. Kresge* v. *Fader* (19927), 116 Ohio St. 718, 723-724, in which we stated:

"Owners or lessees of stores, * * * are not insurers against all forms of accidents that may happen * * *. It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that it is wholly unnecessary to mention them here in detail." See, also, *Boles* v. *Montgomery Ward & Co.* (1950), 153 Ohio st. 381 [41 O.O. 403], paragraph two of the syllabus ("Ordinarily, no liability attaches to a store owner or operator for injury to patron who slips and falls on the store floor which has become wet and slippery by reason of water and slush tracked in from the

outside by other patrons."); *Rayburn* v. *J.C. Penney Outlet Store* (1982), 3 Ohio App. 3d 463

The Supreme Court in *Paschal, supra,* held a store owner has no duty either to eliminate or warn a patron of tracked in water where it is foreseeable and normally expected to be discovered or avoided by patrons. See also *Rayburn, supra; Catherine Mines* v. *Russo's Stop and Shop* (Feb. 23, 1990), Cuyahoga App. No. 55073, unreported.

Sears, appellee, supported its motion for summary judgment with the affidavits of appellant LaPonza and his friend Gabor.

The testimony is uncontroverted that it was Cleveland in January and snow was on the ground outside. The puddle in question was described by Gabor as consisting of "dirty water" and encompassing a six-foot by four-to-six-foot area about six or seven feet from the entrance door and floor mat. Neither Gabor nor appellant noticed the water when entering. Furthermore, although both deponents purported to be in the store for approximately fifteen minutes, neither testified any Sears employee knew the water existed or that it was there for a long enough period that the employees should have known.

Gabor stated in his deposition as follows:

"Q. Were you also standing on a wet area?

"A. Yes.

"Q. Did you have any trouble walking?

"A. No, I didn't.

"Q. Was it wet outside that day, snow on the ground?

"A. Yes." (Tr. 15, 16.)

Additionally, Mr. LaPonza testified in his deposition as follows:

"Q. And that's because if there is any water on the floor, then you think that that's negligence?

"A. I would say so, if it is there for any amount of time, yes. And if it is a bad day outside, they got to know it is going to be bad inside, and why not take care of it before --" (Tr. 95, 96.)

Therefore, the water was in the vicinity of the customer entrance and according to Gabor's and LaPonza's testimony regarding the weather, it can be inferred the water was "tracked in" from snow or slush covered shoes or boots of customers. Appellant, as an invitee, should expect to find melted water in the vicinity of a busy doorway. Certainly, a large puddle such as one six foot in diameter should be *so obvious* and apparent to appellant that it was a reasonably foreseeable hazard against which plaintiff could protect himself. See *Rayburn supra* at 466.

This court is therefore bound by the rule in *Kresge, supra,* and its progeny. Appellant failed to show that Sears breached any duty owed appellant business invitee since:

(1) no duty exists to warn a customer of tracked in water in a high traffic area and,

(2) Sears had no actual or constructive knowledge of the puddle. Accord, *Paschal, supra; Rayburn, supra; Catherine* v. *K-Mart* (March 12, 1987) Cuyahoga App. No. 51709, unreported, *Shiplett* v. *K-Mart* (June 8, 1988) Summit App. No. 13384, unreported.

Furthermore, once Sears was alerted to the puddle, they immediately moved to remedy the situation as the deposition of LaPonza demonstrates:

"Q. Do you have any idea how long the water had been on the floor prior to when you slipped?

"A. Well, I was over here a good 20 minutes, a half hour.

"Q. At the service center.

"A. So I know it had to be there that long. And when I did slip, the guy that took care of me seen me slip, and right away he made the remark, you better get a porter before somebody kills themselves. And the porter came out right away." (Tr. 61.)

Accordingly, construing the available depositions most strongly in favor of plaintiff, and applying the applicable Ohio Supreme Court case law, reasonable minds could only conclude appellee was not negligent having no duty to protect the business invitee from the dangers of tracked in snow reasonably foreseeable to the patron in the vicinity of heavy customer traffic.