HUNT, Appellant,

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

[Cite as *Hunt v. Ohio Dept. of Rehab. & Corr.* (1991), 77 Ohio App.3d 804.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–410.

Decided Oct. 22, 1991.

---

*Everett Hunt, Jr., pro se.*

*Lee Fisher,* Attorney General, and *John P. Reichley,* Assistant Attorney General, for appellee.

---

REILLY, Judge.

This is an appeal from a judgment of the Court of Claims of Ohio.

The trial court sustained appellee's motion for summary judgment. Appellant had filed a complaint alleging that Jerry Patton, the Health Care Administrator at Hocking Correctional Institution, and Assistant Attorney General Frederick C. Schoch, improperly invaded his privacy. Appellant maintained that his hospital records were illegally used as part of a summary judgment motion filed in the United States District Court for the Southern District of Ohio.

Schoch, in an affidavit, stated that he was attorney of record in this case. He stated that in order to analyze the validity of appellant's claim, it was

necessary to request a summary of his medical records which were relevant and material to his case.

Appellant alleges in his complaint that Jerry Patton, an employee of appellee, after being induced by Schoch, invaded his privacy by submitting information from his medical records to Schoch while appellant was incarcerated at the Hocking Correctional Institution, without authority or waiver of the patient-physician privilege. Moreover, appellant maintains that Jerry Patton and Schoch acted outside the scope of their employment, in bad faith, and with malicious purposes in their actions herein.

Appellee filed a motion for leave to file a motion for summary judgment along with a motion for summary judgment. Appellant responded in a memorandum contra. The Court of Claims sustained appellee's motion for summary judgment. Appellant advances one assignment of error:

"Grant of summary judgment by the defendant was plain error and a denial of due process of law and equal protection of the laws."

A court shall not sustain a motion for summary judgment unless, when the evidence is construed most strongly against the moving party, " * * * reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *." Civ.R. 56(C). Thus, if a trial court determines that there is a genuine issue of material fact, it will not sustain a summary judgment motion. *Rayburn v. J.C. Penney Outlet Store* (1982), 3 Ohio App.3d 463, 464, 3 OBR 544, 544, 445 N.E.2d 1167, 1168; *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.

The burden of establishing that there is no genuine issue of fact is upon the party moving for summary judgment. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Civ.R. 56(E), however, requires that a party opposing the motion for summary judgment set forth specific facts showing that there exists a genuine issue of fact for trial. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 117, 522 N.E.2d 489, 504; *Campco Distributors, Inc. v. Fries* (1987), 42 Ohio App.3d 200, 202, 537 N.E.2d 661, 663.

Appellant does not demonstrate that genuine issues of fact for trial exist. Appellant contends that since there was not a court order requiring disclosure of his medical records, and no appropriate authorization, the disclosure was a wrongful invasion of his privacy.

■ Appellant is correct in his assumption that a prison inmate's personal medical records are to some extent protected, and are not public *per se.* Ohio Adm.Code 5120–9–49(B)(2) reads:

"(B) The following documents shall not be deemed public records:
" * * *

"(2) Medical records that pertain to the medical history, diagnosis, prognosis, or medical condition of an inmate patient and that are generated and maintained in the process of medical treatment. 'Medical record' does not include any document relating to births, deaths, and the fact of admission to or discharge from a hospital."

Hence, a prison inmate's medical records are generally not public records. Nevertheless, the right of privacy is not absolute. Ohio Adm.Code 5120–9–49(F) provides:

"Non-public records of the department may, in the sole discretion of the director, or designee, be made available to * * * other persons with a need for access to such documents * * *."

■ Jerry Patton's affidavit shows that he had a valid reason to believe that the assistant attorney general had a need to know about appellant's medical records. This was because Assistant Attorney General Schoch needed a summary of appellant's medical records to evaluate the validity of appellant's claims.

Appellant also maintains that Jerry Patton acted outside the scope of his authority. In any event, Ohio Adm.Code 5120–9–49(F) also allows that:

"Non-public records of the department may, in the sole discretion of the director, or designee, be made available to * * * other persons with a need for access to such documents, subject to other restrictions on such access as may be provided by law or these rules."

Jerry Patton, as Health Care Administrator, was responsible for maintaining and handling inmate medical records. Since this was definitely his responsibility, he did not need special authorization to release appellant's records in this case.

Appellee has demonstrated that there was no genuine issue of material fact in this case. Hence, it was entitled to judgment as a matter of law. The Court of Claims correctly applied Civ.R. 56(C). Thus, appellant's assignment of error is not well taken, and is overruled.

The judgment is affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and PEGGY BRYANT, J., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.