OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Local Rule 25, the record from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.
Plaintiff-appellant Susan Zimmerman appeals the decision of the trial court granting defendant-appellee Wal-Mart Stores, Inc.'s motion for summary judgment. This case arises from a slip and fall that occurred on the premises of Sam's Club, a Wal-Mart owned store.
On November 14, 1995, during the afternoon, plaintiff entered Sam's Club accompanied by a friend. It was a cold, snowy day. As plaintiff approached the entrance she noticed an employee pushing a line of shopping carts into the store from outside. Plaintiff attempted to avoid the line of carts so after entering the store she went to the extreme right of the entrance. At this point, plaintiff had her friend on her left side and a cane in her right hand. As she proceeded from the entrance area into the shopping area, plaintiff fell forward on her hands and knees onto some water on the floor. Plaintiff was unable to put any pressure on her foot and she immediately went to her orthopedic doctor who took x-rays and put a cast on her left foot.
Almost two years later, on November 13, 1997, plaintiff filed her complaint. In the complaint, she stated:
 "5. Plaintiff's fall was proximately caused by defendant's negligence.
 "6. As a result, plaintiff suffered permanent injuries to her hands, wrists, knees and ankles, and has suffered trauma that has aggravated conditions associated with her kidney transplant that were directly related to the surgery and trauma associated with this injury, has incurred medical expenses, has sustained loss of earnings, has endured pain and suffering, and will have pain and suffering and medical expenses in the future, all in excess of twenty-five thousand dollars."
Wal-Mart filed a motion for summary judgment and argued a store is not liable to a customer who slips and falls on a floor which has become wet because of rain or snow tracked in from the outside. On July 30, 1998 plaintiff filed a brief in opposition. On September 2, 1998 the trial court granted Wal-Mart's motion for summary judgment stating defendant's motion for summary judgment "which is unopposed is granted. The court specifically finds that based upon the Rule 56 (C) evidence cited by defendant, there is no issue of material fact as to the source of the moisture on the floor and that it was tracked in from outside due to inclement weather."
Plaintiff then filed a notice of appeal. However, before that appeal proceeded the trial court issued a nunc pro tunc order stating a clerical error in the prior entry misstated Wal-Mart's motion for summary judgment was unopposed. The amended entry then stated plaintiff had in fact filed a brief in opposition. The entry concluded by saying the trial court considered plaintiff's brief but once more determined there was no genuine issue of material fact so Wal-Mart's motion for summary judgment was granted.
Plaintiff filed a second notice of appeal, the present appeal. She now submits three assignments of error for this court to consider. Because the first two assignments of error are interrelated they will be addressed together.
Plaintiff argues the trial court erred in entering summary judgment for Wal-Mart, when it stated she was in default for not filing an answer when in fact she had filed an answer. Plaintiff also complains the trial court erred in entering the nunc pro tunc order without giving her an opportunity to respond to Wal-Mart's reply brief dated August 19, 1998.
Both of these arguments fail. First, the trial court never said plaintiff was in default. It just made a clerical error and corrected the error when it issued the nunc pro tunc order. Civ.R. 60 (A). Also, plaintiff does not explain how she was prejudiced by the trial court's error and we cannot discern any prejudice after reviewing the record. Second, plaintiff argues she was not given an opportunity to respond to defendant's reply brief. Cuyahoga County Court of Common Pleas, General Division, Rule 11 (D) mandates that reply or additional briefs upon motions may be filed only with leave of the court and upon a showing of good cause. There is no evidence that plaintiff ever requested leave of the court to file a reply brief. Moreover, Wal-Mart filed its last reply brief on August 19, 1998 and the trial court issued its first judgment entry on September 2, 1998. Plaintiff had approximately two weeks to request leave from the trial court if she had intended to file a reply brief. Plaintiff never made this request so she cannot now complain that she did not have enough time when in fact she had two weeks. Based on the foregoing, plaintiff's first two assignments of error are overruled.
Plaintiff's third assignment of error complains "there is no question that there are genuine issues for the trier of fact in this case." Plaintiff argues a premises' owner has a duty to provide business invitees with a reasonably safe ingress and egress which extends to protection against hazards from nonnatural accumulations of ice and snow. In support of this argument she cites to her answers to interrogatories where she said "this water was not in an area that the customers might reasonably believe that it should be."
Plaintiff stated in her deposition: (1) that she knew it was snowy/rainy and that it had been snowing outside, (2) that customers were tracking snow and rain into the store, and (3) that shopping carts were tracking snow and rain into the store.
The facts of this case fall within the purview of several cases which have addressed this exact issue and found the owner of the premises is not liable for slips and falls. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203; S.S. Kresge Co. v. Fader (1927), 116 Ohio St. 718; and Rayburn v. J.C. Penney Outlet Store (1982), 3 Ohio App.3d 463.
Based on the foregoing, we find there are no genuine issues of material fact and the trial court did not err in granting Wal-Mart's motion for summary judgment. Plaintiff's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, PRESIDING JUDGE.
KENNETH A, ROCCO, JUDGE.
JAMES D. SWEENEY, JUDGE.