DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Sandra Sancrant, appeals from a judgment entered by the Lucas County Court of Common Pleas in favor of appellees, James and Rebecca Elliot. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On January 9, 2003, at approximately 10:00 a.m., appellant, while performing her job as a United States Postal Service employee, sustained serious injury when she slipped and fell on a football size patch of what she called "black ice" as she was delivering mail to appellees' home. The ice was located on appellees' property, at the bottom of a set of stairs leading away from their mailbox.
 {¶ 3} On December 15, 2003, appellant filed her complaint seeking damages against appellees. Appellees moved for summary judgment, and on November 9, 2005, the trial court granted appellees' motion. Appellant timely appealed the judgment granting the motion, raising the following assignment of error:
 {¶ 4} I. "THE COURT OF COMMON PLEAS OF LUCAS COUNTY ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT BY MISAPPLYING THE LAW IN A CASE OF FIRST IMPRESSION WHERE APPELLEES HAD FIRST-HAND KNOWLEDGE OF THE DANGER THAT EXISTED ON THEIR ICY STAIRWAY."
 {¶ 5} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Civ.R. 56(C) provides:
 {¶ 6} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule. * * *"
 {¶ 7} Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party. Ryberg v. Allstate Ins. Co.
(July 12, 2001), 10th Dist. No. 00AP-1243, citing Tokles Son,Inc. v. Midwestern Indemnity Co. (1992), 65 Ohio St.3d 621, 629.
 {¶ 8} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Once this burden has been satisfied, the non-moving party has the burden, as set forth at Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
 {¶ 9} Appellant focuses her sole assignment of error on evidence that just two hours before appellant's fall, appellee Rebecca Elliot had fallen at the identical location. According to appellant, such evidence should have precluded the granting of summary judgment because it demonstrates that, at the time of appellant's fall, Mrs. Elliot had a level of knowledge of the icy hazard so superior to appellant's that the general rule of nonliability should not apply.
 {¶ 10} The parties do not dispute that appellant slipped and fell on a natural accumulation of ice. In Ohio, the law is well established that even where a landowner has actual knowledge of a danger that is superior to plaintiffs, the homeowner "has no common-law duty to remove or make less hazardous a natural accumulation of ice * * * on private sidewalks or walkways on the homeowner's premises, or to warn those who enter upon the premises of the inherent dangers presented by natural accumulations of ice * * *." Brinkman v. Ross (1993),68 Ohio St.3d 82, syllabus. The lack of duty results because the law imputes equal knowledge of the hazardous condition to both the homeowner and those who enter upon the homeowner's premises.Community Ins. Co. v. McDonald's Restaurants of Ohio, Inc.
(Dec. 11, 1998), 2d Dist. Nos. 17051, 17053.
 {¶ 11} In the instant case, appellant slipped and fell on a natural accumulation of ice that was present on appellee's premises. Because, in such circumstances, appellant and appellees are considered to have had equal knowledge of the hazardous condition that was created by the ice, appellees were under no duty to remedy or warn. See McDonald, supra; Brinkman, supra. Any evidence that Rebecca Elliot slipped and fell at the subject location two hours before appellant did is simply irrelevant to appellant's claim, and in no way renders this matter one of first impression. Appellant's assignment of error is not well-taken.
 {¶ 12} For all of the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J. Skow, J. Parish, J. concur.