DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas which granted appellees, Clen A. Standish, et al. ("Standish") summary judgment against appellants, Dennis Cronin, et al. ("Cronin"). Title to a disputed strip of property connecting appellants' garage to the adjacent road was transferred to appellees via adverse possession. Appellants were simultaneously granted a utility easement for the parcel. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellants set forth a single assignment of error:
 {¶ 3} "The trial court erred in granting defendant-appellees' [sic] motion for summary judgment since material issues of fact are in dispute."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On February 25, 1976, appellees obtained an option to purchase a 70 foot strip of property adjacent to their property from appellants' predecessors-in-interest. The option was drafted as transferable and assignable. The option was drafted with a conditional expiration date. The option would terminate if $3,000 was not paid "within 30 days of paving the road in front of the property." The road has never been paved. The option never expired.
 {¶ 5} In conjunction with obtaining the option to purchase, appellees simultaneously obtained written permission to construct a garage upon the option property. This written authorization contained no mention of a driveway. Appellees utilized the written permission and, in 1976, constructed a garage on the option property.
 {¶ 6} Appellees simultaneously installed a concrete connector driveway. This driveway connects the garage with nearby Shorewood Drive. Shorewood Drive is the access road in closest proximity to the garage. A small portion of the concrete driveway was built upon a portion of appellants' property not encompassed by the option. It is this portion of the driveway which is the subject of this action.
 {¶ 7} In 1999, approximately 23 years after the garage and driveway were built, appellants filed action against appellees seeking to terminate the 1976 option. Appellees counterclaimed to enforce the option. In this related case, Sandusky County Common Pleas filing captioned case No. 99-CV-152, the trial court ruled in favor of appellees.
 {¶ 8} The trial court ordered the option enforced. The option was exercised. The option property was deeded to appellees. That ruling was not appealed. Appellees now own the 70 foot option property upon which they built their garage in 1976. However, it was subsequently discovered that a portion of the concrete driveway was built upon a portion of appellants' property not covered by the option. Appellants sought to remove this portion of appellees' driveway. In response, appellees filed a complaint in the Sandusky County Court of Common Pleas seeking to quiet title to that section of property by adverse possession.
 {¶ 9} On June 4, 2002, appellees filed for summary judgment on their adverse possession action. Appellees submitted supporting affidavits setting forth facts in support of the elements necessary to establish title by adverse possession. On November 14, 2002, appellants filed their opposition to summary judgment.
 {¶ 10} Appellants' affidavit in opposition to summary judgment set forth two underlying allegations. Appellants asserted that summary judgment was not proper because appellants had granted an easement on the property in 1998, and because appellants had "interrupted" appellees' continuous use of the property by constructing a sewer line beneath the driveway in 1995. Appellees were out-of-state at the time.
 {¶ 11} On November 21, 2002, appellees filed a reply in support of their motion for summary judgment with a supporting affidavit. This affidavit maintained that appellants' construction of the sewer line never interfered with or interrupted appellees' ability to use the driveway and garage.
 {¶ 12} On August 2, 2005, the trial court granted summary judgment to appellees. The trial court concluded that appellees had established a valid claim for title to the disputed driveway property by adverse possession. The trial court emphasized that appellants had conceded all evidentiary requirements of adverse possession except the element of continuity.
 {¶ 13} The trial court held that appellees had successfully established that their use of the property had not been interrupted and was continuous for the requisite term of 21 years. Appellees were entitled to take the property by adverse possession. A timely notice of appeal of the summary judgment decision was filed.
 {¶ 14} An appellate court reviews a trial court's summary judgment decision pursuant to a de novo standard of review. The appellate court applies the same standard utilized by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. See, also, Sancrant v. Elliot, 6th Dist. No. L-05-1385,2006-Ohio-3609, at ¶ 5. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 15} In their single assignment of error, appellants claim the trial court erred when it granted summary judgment to appellees. In support of their appeal, appellants assert for the first time that the written permission given to appellees to construct their garage should be read in such a way so as to be interpreted as granting permission to construct the driveway. They argue this implied permission negates the legitimacy of the adverse possession claim. This argument was not submitted to the trial court. Appellants did not submit these allegations as required by Civ.R. 56(E). Such an argument was thereby waived.
 {¶ 16} Even assuming arguendo, this argument is properly before the court, appellants' newly raised "permission" defense is unsupported by the factual evidence. We find no compelling, supporting evidence in the record from which we could conclude appellees had permission to construct the driveway. On the contrary, appellees' uncontroverted affidavit makes clear the driveway was constructed without permission.
 {¶ 17} The balance of appellants' argument before trial court, reviewable by this court, was that appellees failed to establish the adverse possession evidentiary element of continuity. Appellants claim that an easement they granted in 1998, defeats the continuity element. In addition, appellants claim their installation of a sanitary sewer beneath a portion of the driveway in 1995, constitutes supporting evidence against continuity.
 {¶ 18} Adverse possession is a common law claim through which one who has been in unauthorized possession of real property may acquire legal title to the property if certain evidentiary elements are established. In order to prevail on a claim of adverse possession, a party must demonstrate by clear and convincing evidence that they have been in exclusive, open, notorious, continuous, and adverse use of the disputed property for a period of 21 years. Houck v. Bd. of Park Commrs., HuronCty. Park Dist., 6th Dist. No. H-05-018, 2006-Ohio-2488, at ¶12. We have carefully scrutinized the record in this case for facts and evidence in support of each element required to establish title by adverse possession.
 {¶ 19} The record shows appellees constructed a concrete driveway, a portion of which is the subject of this claim, in 1976. The record shows this driveway was constructed without permission of appellants' predecessors-in-interest. A portion of the concrete driveway was built on property not covered by the 1976 option. Appellees' construction and use of the driveway was adverse.
 {¶ 20} The record shows appellees' construction and use of the driveway was also exclusive, open, and notorious. The two affidavits submitted by appellees were uncontroverted and established these elements. Appellants and their predecessors in interest were aware of the property usage. The usage was open and notorious. Similarly, the requisite time period of adverse usage is unequivocally demonstrated by the record. The driveway and garage were constructed in 1976. The property use has been ongoing for a period of 30 years.
 {¶ 21} The sole element of adverse possession requiring further scrutiny is that of continuity. Appellants argued to the trial court that several events interrupted appellees' continuous use of the property so as to negate their adverse possession claim. In support of their argument against continuity, appellants point to their execution of an easement for installation of a gas line through the disputed property in 1998. We simply note this easement was executed 22 years after construction of the driveway and garage. The requisite 21 year time period had already elapsed at the time of the easement.
 {¶ 22} Appellants also assert the construction of the gas line through the driveway similarly constitutes evidence suggesting appellees did not have uninterrupted use of the property. However, appellees' second affidavit establishes that the construction of the gas line in no way impeded or interrupted their ability to utilize the driveway. The construction of the gas line occurred when appellees were out-of-state. By the time they returned, the portion of the driveway under which the gas line had been installed was already filled in with gravel and had been restored to usability. Neither the execution of the easement or the construction of a gas line across the driveway "interrupted" appellees' use of the property so as to invalidate their adverse possession claim.
 {¶ 23} Possession of title to property in dispute on an adverse possession claim is not "interrupted" so long as the parties' use of the property is continuous enough to indicate prolonged and substantial use. Ault v. Prairie Farmers Coop.Co. (Sept. 25, 1981), 6th Dist. No. WD-81-21. There is no evidence in the record that appellees' daily use of the driveway was interrupted between 1976 and 1997. The record show appellees' use of the driveway between 1976 and 1997 was open, notorious, exclusive, and adverse. Appellees established all requisite elements in support of their claim to title by adverse possession. There are no remaining material issues of fact in dispute. Appellants' sole assignment of error is not well-taken.
 {¶ 24} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Parish, J. concur.