DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a summary judgment issued by the Williams County Court of Common Pleas in favor of an insurer in a dispute concerning underinsured motorist coverage.
 {¶ 2} Appellant is Ralston Stemen. On July 23, 2004, appellant's wife, Erma Stemen, was a passenger in an automobile driven by her adult daughter, Janice Bilton, when another driver failed to yield at an intersection and collided with the Bilton car. As a result of this collision, Erma Stemen died.
 {¶ 3} Erma Stemen was insured as a family member under an insurance policy issued by appellee, State Farm Insurance Company, to appellant. By virtue of her status as a passenger in Bilton's auto, she was also an insured under a separate State Farm policy issued to Bilton. Both policies contained single per person liability and uninsured/underinsured motorist (UM/UIM) coverage limits of $100,000. The tortfeasor maintained liability insurance: also for $100,000.
 {¶ 4} The tortfeasor's insurer paid the amount of its coverage limits to Erma Stemen's estate. The estate, in turn, distributed the entire amount to Janice Bilton. Appellant took nothing, but instead claimed against his own policy's underinsured motorist coverage. When appellee denied that claim, appellant instituted the declaratory judgment action which underlies this appeal. Appellant sought a declaration that he was entitled to underinsured motorist coverage under the policy.
 {¶ 5} Appellee answered, admitting the existence of the insurance policy, but maintaining that any claim under the policy belonged solely to Erma Stemen's estate, not appellant. Alternatively, appellee suggested that appellant's claim was barred by the policy's anti-stacking and setoff provisions. Appellant responded, arguing that, pursuant to this court's decision in Kotlarczyk v. State Farm, 6th Dist. No. L-03-1103,2004-Ohio-3447, appellee's setoff and anti-stacking provisions were contrary to law. On appellee's motion for summary judgment, the trial court enforced appellee's setoff provision and granted it summary judgment. From this judgment, appellant now brings this appeal.
 {¶ 6} In a single assignment of error, appellant urges that we find the trial court's decision to give force to appellee's setoff provision was erroneous.
 {¶ 7} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 8} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 9} Under "Limits of Liability" the insurance policy at issue provides, in material part:
 {¶ 10} "4. The maximum total amount payable to all insureds
under this coverage is the difference between the `each accident' limits of liability of this coverage and the amount paid to allinsureds by or for any persons or organizations who are or may be held legally liable for the bodily injury.
 {¶ 11} "Subject to the above, the most we pay for all damages arising out of and due to bodily injury to one person is the lesser of:
 {¶ 12} "1. the difference between the `each person' limits of liability of this coverage, and the amount paid for that bodilyinjury by or for any persons or organizations who are or who may be held legally liable for the bodily injury; or
 {¶ 13} "2. the difference between the amount of damages for such bodily injury, and the amount paid for that bodilyinjury by or for any persons or organizations who are or who may be held legally liable for the bodily injury." (Emphasis in original.)
 {¶ 14} The policy language unambiguously sets the most the insurer will pay to anyone insured under the policy to the single person per incident coverage limit ($100,000 in this instance) less any amount paid to all insureds by a tortfeasor. It is undisputed that Erma Stemen was an insured under the policy. It is further undisputed that the insurer of the negligent driver who caused Erma Stemen's death paid Erma's estate $100,000. If this setoff provision is lawful, appellee is not liable for further damages by the clear terms of the limits set by the insurance contract.
 {¶ 15} Appellant insists that application of this provision is unlawful in conformity with this court's decision inKotlarczyk. According to appellant, in Kotlarczyk UM/UIM coverage was found from the exact same policy language in circumstances materially the same as those before us.
 {¶ 16} Not so, appellee responds. Kotlarczyk was decided relying on the version of the uninsured motorist statute, R.C.3937.18, effective prior to amendment by 1997 Am. Sub. H.B. No. 261 and reliance on Moore v. State Auto Mutl. Ins. Co. (2000),88 Ohio St.3d 27. Appellee maintains that H.B. No. 261 was expressly enacted to negate the effects of Moore.
 {¶ 17} Kotlarczyk does bear great resemblance to the present matter. Michelle Kotlarczyk and her two children lived with Michelle's mother, Carol Kotlarczyk. Mother and daughter were each insured in separate State Farm auto policies with $100,000 per person limits. When Michelle was killed in an auto accident, the tortfeasor's insurer paid to her estate his $100,000 policy limits. After costs and attorney fees, the estate distributed one-half of the remainder to each of Michelle's two children.
 {¶ 18} Carol Kotlarczyk later sought UM/UIM coverage under both State Farm policies, asserting that, because the amount actually distributed from the tortfeasor was less than either UM/UIM limits of the State Farm policies, the tortfeasor was underinsured and Carol, individually, the estate and the children were entitled to coverage.
 {¶ 19} In the suit that followed State Farm's denial of this coverage, the trial court ruled that anti-stacking language in both policies limited any recovery to the $100,000 single policy limit. Moreover, the trial court concluded, because the tortfeasor's coverage matched Michelle's, her beneficiaries had no claim on her policy. Carol could not collect from her policy because of the language contained in an "other policy" provision.Kotlarczyk at ¶ 11.
 {¶ 20} On appeal, we found that Carol had a separate wrongful death claim which was not extinguished by the anti-stacking language in her policy and that, had Michelle been killed by an uninsured driver, Carol would have been entitled to $100,000 from her UIM coverage. Since she received nothing from Michelle's estate, the tortfeasor was uninsured as to her and she was entitled to claim against her own policy. Id. at ¶ 53.
 {¶ 21} Notwithstanding an assertion in the dissent toKotlarczyk, at ¶ 57-58, there is nothing in the principal case to suggest reliance on an earlier version of R.C. 3937.18. Indeed, the principal decision expressly states that the version of the statute being applied is as amended by H.B. No. 261. Id. at ¶ 31. Neither do we detect a direct or indirect reliance onMoore v. State Auto Mutl. Ins. Co., supra, save for citation that, as remedial legislation, R.C. 3937.18 should be liberally construed to effect legislative purpose. Id. at ¶ 27.
 {¶ 22} The principal holding of Moore was that R.C.2937.18(A)(1) does not permit an insurer to limit UM coverage to bodily injury. This holding has recently been found inapplicable to policies issued subsequent to H.B. No. 261. Hedges v.Nationwide Ins. Co., 109 Ohio St.3d 70, 2006-Ohio-1926, syllabus. It is not clear, however, what the impact of Hedges
would be in these circumstances. The policy at issue provides that:
 {¶ 23} "We will pay damages for bodily injury an insured:
 {¶ 24} "1. is legally entitled to collect from the owner or driver of an uninsured motor vehicle; or
 {¶ 25} "2. would have been legally entitled to collect except for the fact that the owner or driver of the uninsured motorvehicle has an immunity under Chapter 2744 of the Ohio Revised Code or a diplomatic immunity.
 {¶ 26} "The bodily injury must be sustained by an insured
and caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle." (Emphasis in original.)
 {¶ 27} While this language appears to be an attempt to limit coverage to bodily injury, in the present context it is arguable that Erma Stemen was an insured under the policy who suffered bodily injury and that appellant, who was also an insured, is by virtue of R.C. 2125.02(A)(1), presumptively injured by her death.
 {¶ 28} More dispositive, in our view, is the total amount payable cap in the "limits of liability" provision. Although similar, if not identical, language applied in the policies examined in Kotlarczyk, its effect was neither argued nor analyzed. This is the provision upon which the trial court relied. Appellant has offered no authority which could be construed as limiting the provision. Moreover, we have recently enforced a similar provision. Wickerham v. Progressive Ins.Cos., 166 Ohio App.3d 180, 183, 2006-Ohio-964, at ¶ 11. Consequently, since Erma Stemen was an insured under the policy and she, through her estate, was paid by the tortfeasor, an amount equal to "`each accident' limits of liability," the maximum total payable has been met. As a result, appellee has no further obligation to appellant by the terms of the insurance contract.
 {¶ 29} Accordingly, the trial court did not err in granting summary judgment to appellee. Appellant's sole assignment of error is not well-taken.
 {¶ 30} On consideration whereof, the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Singer, P.J., Parish, J. Concur.