DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas which granted appellee, Titleist Club, LLC, summary judgment against appellants, Sherry Chapman, et al. Appellants alleged that negligence by their apartment complex owner proximately caused Chapman to sustain several spider bites. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellants set forth three assignments of error:
 {¶ 3} "I. The trial court erred in awarding defendant/appellee Titleist summary judgment on plaintiffs/appellants' claim for negligence when genuine issues of material fact were in dispute.
 {¶ 4} "II. The trial court erred in awarding Titleist summary judgment on plaintiffs/appellants' claim for breach of implied/express warranties of habitability when genuine issues of material fact were in dispute.
 {¶ 5} "III. The trial court erred in awarding Titleist summary judgment on plaintiffs/appellants' claim for breach of statutory obligations/negligence per se when genuine issues of material fact were in dispute."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. On February 18, 2003, Chapman executed a residential lease agreement with Gateway Company, LLC, for rental of one of Gateway's apartment units. Chapman's family moved into the apartment.
 {¶ 7} On March 5, 2003, Chapman notified the apartment complex manager that she had observed spiders in her apartment. The manager advised Chapman to obtain chemical spray and try to eradicate the spiders. The manager expressly told Chapman to notify her if Chapman's spray treatment was unsuccessful. The property manager offered to have a professional exterminator treat the apartment if the spiders persisted. Several days later, Chapman informed the manager that Chapman had obtained chemical spray and had completed spraying the apartment.
 {¶ 8} Within several months of spraying the apartment for the presence of spiders, Chapman observed a recurrence of spiders in the apartment. Contrary to the instructions to notify the manager if she observed additional spiders in the apartment, Chapman did not notify the manager that spiders had returned.
 {¶ 9} On March 21, 2003, the apartment complex where Chapman's family resided was acquired by Titleist. In October 2003, Chapman apparently sustained a bite on her right arm. She claims it was caused by a brown recluse spider. After this incident, Chapman notified the manager that spiders had returned earlier in the year and she sustained a spider bite.
 {¶ 10} Within 24 hours of notification from Chapman, Titleist dispatched Frames Pest Control to the apartment to conduct a professional extermination. Upon arrival to conduct the extermination, Frames was denied access to the apartment. Several days later, Chapman contacted Frames, Frames returned, was given access, and performed a chemical extermination treatment.
 {¶ 11} Several weeks after the initial treatment, Titleist dispatched Frames to the apartment for a follow-up treatment. On October 29, 2003, Frames was denied access to the apartment to conduct the follow-up treatment. Chapman never notified management of any recurrence of spiders after the Frames' extermination treatment. In November 2003, after the Frames' treatment, Chapman claims she sustained spider bites on her thigh and stomach. The record reflects that management was not notified of the spider issue at the time of either bite incident.
 {¶ 12} On September 22, 2004, appellants filed suit against Titleist. Appellants filed a voluntary dismissal of the case pursuant to Civ.R. 41(A)(1)(a). On March 17, 2005, the complaint was refilled. Appellants' complaint alleged negligence, res ipsa loquitur, breach of warranty of habitability, negligence per se, and loss of consortium. Titleist filed for summary judgment on all claims. On April 18, 2006, the trial court granted summary judgment to Titleist on all claims. Timely notice of appeal was filed. The appeal is limited to the claims of negligence, breach of warranty of habitability, and negligence per se.
 {¶ 13} Appellate court review of a trial court's summary judgment determination is conducted pursuant to a de novo standard of review. The appellate court utilizes the same standard applied by the trial court.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. See, also,Sancrant v. Elliot, 6th Dist. No. L-05-1385, 2006-Ohio-3609, ¶ 5. Summary judgment will be awarded when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). See, also, Cronin v. Standish, 6th Dist. No. S-05-023, 2006-Ohio-4293, ¶ 14.
 {¶ 14} In their first assignment of error, appellants maintain that the trial court erroneously granted summary judgment to Titleist on the claim of negligence. In support, they claim it is disputable whether Titleist acted reasonably in response to the spider issue. In order to avoid an adverse summary judgment ruling on a claim of negligence, the plaintiff must establish a duty imposed upon defendant, breach of that duty by defendant, and proximate cause between defendant's breach and plaintiff's injuries. Scott v. Kirby, 6th Dist. No. L-05-1287,2006-Ohio-1991, ¶ 20.
 {¶ 15} Chapman claims to have suffered spider bites inside her apartment on two separate occasions. These incidents occurred in approximately early October 2003, and early November 2003, respectively. Accordingly, we will focus our analysis of this matter with particular attention to the communications between the parties transpiring prior to these incidents.
 {¶ 16} On March 5, 2003, Chapman notified the property manager of the presence of spiders in her apartment. The property manager instructed Chapman to obtain chemical spray and treat her apartment in an effort to remediate the spider condition. The property manager explicitly instructed Chapman to notify her if these efforts were unsuccessful so that a professional extermination could be conducted.
 {¶ 17} While Chapman did notify the property manager that she had completed her treatment of the apartment, Chapman never notified her of any recurrence of the problem. We find no case law or legal authority to suggest a duty on the part of the landlord to immediately perform professional extermination prior to first attempting over the counter spray treatment of common insects.
 {¶ 18} Chapman observed a recurrence of spiders approximately five months prior to suffering the right arm spider bite. Chapman did not notify management of the recurrence of spiders prior to sustaining the bite. Within 24 hours of notification of the bite, Titleist dispatched a professional extermination company to the apartment. The exterminators were denied entry to the apartment. The record reflects that approximately one week after denying the exterminators entry to the apartment, Chapman had them return to perform the spraying.
 {¶ 19} In the time elapsing between Frames' initial extermination treatment and Chapman's second alleged spider bite incident, Chapman never informed Titleist of a recurrence of the spider issue. Chapman's deposition confirms these determinative facts.
 {¶ 20} We find nothing in the record in support of the notion that Titleist failed to engage in reasonable efforts to address the spider issue in the apartment. On the contrary, the record reflects Chapman failed to inform management of the recurrence of spiders in the apartment prior to both apparent spider bite incidents. There is no evidence that Titleist breached its duty to appellants. Appellants' first assignment of error is not welltaken.
 {¶ 21} In their second assignment of error, appellants contend the trial court erroneously granted Titleist summary judgment on the claim of breach of warranty of habitability. In support of this assignment, we note that appellants failed to rely upon any case law or other form of legal authority. Rather, appellants reiterate their belief that Titleist failed to undertake reasonable efforts in this matter.
 {¶ 22} In analyzing the viability of landlord breach of implied warranty of habitability claims, a wide plurality of courts hold that the aggrieved tenant must establish that notification of the alleged defect was given to the landlord within a reasonable time after the tenant's discovery of same and that the landlord possessed a reasonable amount of time in which to address the defect but failed to do so. 43 American Jurisprudence POF 3d 329, Section 9.
 {¶ 23} The record establishes that both times Chapman notified management of the presence of spiders, management promptly took affirmative actions to address the issue. Reasonable efforts were made by management. The record further reflects that subsequent to all remediation efforts, Chapman failed to notify management of any recurrence of the spider issue. The record reflects that no one notified management of a spider recurrence.
 {¶ 24} The record establishes that at the time of both instances in which Chapman apparently sustained spider bites, management had not been previously notified of the recurrence of spiders. Chapman failed to comply with the notice requirement imposed upon a tenant seeking to recover pursuant to a claim of breach of warranty of habitability. Appellants' second assignment of error is found not well-taken.
 {¶ 25} In their third assignment of error, appellants contend the trial court erroneously granted Titleist summary judgment on the claim of negligence per se. This per se liability assertion is prefaced upon a violation of R.C. 5321.04. R.C. 5321.04(A) delineates obligations owed by a landlord upon execution of a rental lease agreement. In support of the negligence per se claim, appellants again contend that Titleist failed in taking reasonable efforts in response to the spider issue. R.C. 5321.04(A)(2) states:
 {¶ 26} "(A) A landlord who is a party to a rental agreement shall do all of the following:
 {¶ 27} "* * *
 {¶ 28} "(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition."
 {¶ 29} Given our finding above that Titleist did take reasonable efforts in this matter, we find appellants cannot establish negligence per se against Titleist pursuant to R.C. 5321.04. Appellants' third assignment of error is not well-taken.
 {¶ 30} We find no remaining questions of material fact in dispute in this case. Summary judgment was properly granted to Titleist.
 {¶ 31} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are ordered to pay the costs of this appeal. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
Mark L. Pietrykowski, J.
George M. Glasser, J.
CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.