DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas, which entered judgment granting a motion for summary judgment filed by appellee, Rosie's Fine Foods, Inc. For the reasons stated herein, this court affirms the decision of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On February 22, 2003, appellant Martha Young sustained injuries while a patron in a restaurant owned by *Page 2 
Rosie's Fine Foods, Inc. ("restaurant"), located in Sylvania, Ohio. It was snowing that day, and, as was the usual practice in winter, the restaurant staff placed a long, absorbent rug in the entryway. As a further precaution against water tracked in by customers, a dishwasher also dry-mopped the floor several times that day. Appellant left her seat to use the restroom, and proceeded across the entryway rug. Upon stepping off of the rug onto the tile floor, appellant slipped on a puddle of water and fell. Appellant claimed not to have seen any water on the floor until after her fall, and the restaurant staff received no prior complaints that day about water on the floor.
 {¶ 3} Appellant filed a complaint on February 3, 2005, alleging negligence on the part of appellee. Appellee filed an answer and, thereafter, a motion for summary judgment on July 7, 2005. On July 27, 2006, the trial court entered judgment granting appellee's motion for summary judgment. Appellant timely filed a notice of appeal on August 24, 2006.
 {¶ 4} Appellant sets forth the following sole assignment of error:
 {¶ 5} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR UPON GRANTING SUMMARY JUDGMENT TO APPELLEE."
 {¶ 6} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Sancrant v. Elliot, 6th Dist. No. L-05-1385, 2006-Ohio-3609, ¶ 5, citing Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Civ.R 56(C) governs summary judgment and provides, in pertinent part: *Page 3 
 {¶ 7} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule."
 {¶ 8} Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party.Sancrant v. Elliot, supra at ¶ 7. The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the nonmoving party's claims. Id. at ¶ 8. Once this burden has been satisfied, the nonmoving party has the burden, as set forth at Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
 {¶ 9} The parties to this case do not dispute that appellant was a business invitee. As such, in order to establish negligence, appellant must show that (1) the proprietor was responsible for the hazard that caused the fall; or (2) the proprietor or one of its employees had actual knowledge of the hazard and neglected to give adequate notice of its presence or to remove it promptly; or (3) the danger presented by the hazard had *Page 4 
existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. Sollo v. Goodnight Inn,Inc. (Jan. 16, 1998), 6th Dist. No. S-96-049, citing Johnson v. WagnerProvision Co. (1943), 141 Ohio St. 584, 589. Thus, in order to avoid summary judgment, appellant must establish a genuine issue of material fact regarding whether appellee caused the hazard, knew of the hazard, or whether the hazard was present for a sufficient period of time to justify the inference that appellee's failure to warn against it or remove it was attributable to a lack of ordinary care. Id.
 {¶ 10} Appellant argues that, by placing the absorbent mats in the entryway and failing to maintain them when they became saturated with tracked-in water, appellee created a hazard. However, while an owner or operator of a store owes its business invitees "a duty of ordinary care in maintaining the premises in reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger,"Sollo, supra at 2, quoting Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 203, a shopkeeper is not an insurer of a customer's safety and has no duty to protect business invitees from dangers "'which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" Id., quoting Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. Thus, the Ohio Supreme Court has held that liability does not ordinarily attach to a store owner or operator for injury to a patron who slips and falls on a store floor that has become wet and slippery by reason of water and slush tracked in from the *Page 5 
outside by other patrons. See Boles v. Montgomery Ward Co. (1950),153 Ohio St. 381, 384.
 {¶ 11} Notwithstanding the holding in Boles, the Ohio Supreme Court did recognize that the determination whether a danger is open and obvious is one which can depend largely on the facts of the particular case.Sollo, supra at 2. In making such a determination, the question of whether one should be aware of the danger depends largely upon the likelihood of encountering the danger. Id. For example, when a patron slips and falls on water which is in an unexpected location, such as 30 to 50 feet from the door, a jury question exists regarding the foreseeability of the presence of water on that area of the floor. Id., citing Yahn v. Mahoning Nat'l Bank (1982), 4 Ohio App.3d 172. In the instant case, however, appellant admitted that she slipped on the tile floor immediately after stepping off of the rug. Furthermore, this incident took place on a snowy day. Though appellant testified in her affidavit that she did not notice the excess water on the tile floor until after she had fallen, the Ohio Supreme Court has stated that "everybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and every one knows that a damp floor is likely to be a little more slippery than a dry floor." S.S. Kresge Co. v. Fader (1927), 116 Ohio St. 718, 723.
 {¶ 12} Appellant's testimony coupled with the facts of the case establishes that the water that led to her fall was open and obvious and was in a place where appellant might reasonably be expected to discover it and take action to protect herself. Therefore, *Page 6 
appellant has failed to establish a genuine issue of material fact as to any negligence on the part of appellee, and summary judgment was appropriate in this case. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 13} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
Mark L. Pietrykowski, P.J.
and Arlene Singer, J.
Concur.
 *Page 1