DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas, which granted summary judgment in favor of appellee, State Farm, and against appellant, Hope L. Wallace, on an underinsured motorist coverage dispute. For all of the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellants set forth the following sole assignment of error:
 {¶ 3} "Statement of the assignment of error. The trial court erred in construing undefined ambiguous policy terms against appellant, and in granting summary judgment to appellee State Farm."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. This case stems from a fatal motor vehicle accident which occurred on September 5, 2004. The teenage daughter of appellants, Hope Wallace and Wesley Cartwright, was a front seat passenger in a motor vehicle driven by one of her friends.
 {¶ 5} As the vehicle approached an intersection in rural Fulton County, the friend failed to yield at a stop sign and proceeded into the intersection. The vehicle collided with an oncoming vehicle which was lawfully traveling through the intersection. Tragically, the primary point of impact of the oncoming vehicle was the front passenger portion of the vehicle. Appellants' daughter was killed at the scene of the accident.
 {¶ 6} The decedent's parents were divorced at the time of the accident. Upon their divorce, decedent's mother moved from the family home in Archbold, Ohio to Defiance, Ohio. Decedent's father continued his residency in Archbold. The parties shared parenting of decedent.
 {¶ 7} Although decedent spent a portion of her time at her mother's new home in Defiance, she continued attending school in her hometown of Archbold. Decedent was also employed in Archbold. Decedent's driver's license listed her father's address in *Page 3 
Archbold as her home address. Decedent also listed her father's address as her home address on employment applications.
 {¶ 8} At the time of the accident, decedent's parents each had automobile insurance coverage through appellee. Given that they were divorced, they maintained separate policies of insurance. Both insurance policies contained underinsurance motorist coverage with identical policy language establishing the prerequisites and parameters of such coverage. The UIM coverage applied to bodily injury to "relatives" who met the policy definition. The contract of insurance defined a relative as, "a person related to you or your spouse by blood, marriage or adoption, who resides primarily with you."
 {¶ 9} Following the accident, the tortfeasor's insurer paid its policy limits of $47,500 to decedent's estate. Decedent's parents each separately submitted UIM claims under their insurance policies issued by appellee. In addition to the "primary residency" requirement, the policies issued by appellee contractually precluded coverage stacking. The policies limited total recovery to $100,000.
 {¶ 10} In response to the UIM claims submitted by decedent's parents, appellee concluded that decedent primarily resided with her father. In accordance with that determination, the father's UIM claim was approved. Payment of $52,500 was tendered to the estate. Thus, there was a total payout of $100,000, in conformity with appellee's anti-stacking provision. The mother's separate UIM claim was denied based upon the determination that the decedent resided primarily with her father. *Page 4 
 {¶ 11} On September 1, 2006, decedent's mother filed a declaratory judgment action in response to the denial of her UIM claim. On October 31, 2006, appellee filed its answer. On April 2, 2007, both sides filed for summary judgment. On April 25, 2007, the trial court granted summary judgment to appellee and simultaneously denied appellants' motion for summary judgment. In support of its ruling, the trial court concurred with appellee and determined that decedent primarily resided with her father. In addition, the trial court concluded that the anti-stacking provision would preclude further payout even if UIM coverage eligibility were not in dispute. On May 24, 2007, appellants filed a timely notice of appeal.
 {¶ 12} In their sole assignment of error, appellants contend that the trial court erred in granting summary judgment to appellee. In support, appellants rely heavily upon the argument that the disputed contract is ambiguous because it failed to incorporate an express anti-dual residency clause. In addition, appellants assert that they were both the primary residential parent of their daughter.
 {¶ 13} Our review of a trial court's granting summary judgment is conducted on a de novo basis. Thus, we apply the same standard as the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2), the moving party is entitled to judgment as a matter of law; and (3), reasonable minds can come, but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made; that party being entitled to have the evidence construed most strongly in their *Page 5 
favor. Civ.R. 56 (C); Leibreich v. A.J. Refrigeration, Inc. (1993),67 Ohio St.3d 266, 268. See, also, Sancrant v. Elliot, 6th Dist. No. L-05-1385, 2006-Ohio-3609.
 {¶ 14} In order to determine the correctness of appellants' argument, we must review the disputed UIM coverage language to determine whether it is susceptible to multiple interpretations. If the relevant contractual language is unambiguous, we will examine the record and determine whether it was properly applied to the facts of this case.
 {¶ 15} This court has consistently adhered to the plain meaning doctrine. In assessing contract interpretation disputes, language that is voluntarily selected, drafted into a policy, and contracted to by the parties must be given its plain meaning. This court is required to liberally construe disputed policy language in favor of one asserting disputed coverage only in those limited instances where the contractual language is shown to be ambiguous and susceptible to multiple interpretations. Moccabee v. Progressive Ins. Co. (Oct. 9, 1998), 6th Dist. No. L-98-1069. Similarly, the Supreme Court of Ohio has held that reviewing courts must uphold the plain meaning of policy language unless an alternative meaning is readily apparent upon examination of the policy. Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216.
 {¶ 16} The underlying State Farm policy furnishes underinsured motorist coverage conditioned upon the injured party "primarily residing with the policyholder." This is a standard policy coverage prerequisite common in policies issued across the country by State Farm. Black's Law Dictionary 1190 (6th Ed. 1990) defines primary as, "First; *Page 6 
principal; chief; leading." Clearly, the essence of the meaning indicated by the term "primary" is that it is indicative of singular, not multiple, application.
 {¶ 17} Courts across the country have been faced with assessing the precise standard State Farm policy language at issue in this case. In another State Farm case involving an estate and a UIM claim, the appellate court found the disputed language "resides primarily with you" unambiguous and enforceable. The court reasoned that the modifier "primarily" precludes any uncertainty regarding the residency coverage limitations. Put another way, there can be but one primary residence for insurance coverage limitation purposes such as those at stake in this case. USAA Casualty Inc. Co. v. State Farm Mut. Ins. Co.,295 Wis.2d 481.
 {¶ 18} Similarly, in another State Farm case stemming from this identical contract language, a federal court likewise affirmed the proposition that one may live in multiple places, but cannot reside "primarily" in multiple places. It found UIM coverage limitations, based upon primary residency, unambiguous and enforceable. State Farm Mut.Auto Ins. Co. v. Fultz, 2007 WL 2789461, (N.D. W.Va., Slip Copy.)
 {¶ 19} We likewise find that insurance policy language limiting UIM coverage to only those persons who "primarily reside with you" unambiguous and enforceable. Accordingly, given the nature of this dispute, we must now consider the record of evidence to determine whether the trial court properly concluded that the decedent did not primarily reside with her mother. *Page 7 
 {¶ 20} At the outset, we note that the record clearly reflects that decedent apportioned her time living with both of her parents. The parties adhered to shared parenting. With that said, the record establishes that the decedent retained primary residence at the original family home following the divorce of her parents. Significantly, decedent continued her education in her hometown of Archbold, listing her father's address as her home address. Consistent with this, her driver's license listed her father's address as her home address. She also listed her father's address as her home address on employment applications.
 {¶ 21} In conjunction with the above objective indicia of primary residency with her father, we note that decedent's mother described and characterized why her daughter retained the original family address in Archbold as her home address. In her deposition, decedent's mother was asked why the father's address was used by her daughter as her home address on her driver's license. She replied, "We tried to keep things consistent for her." Our review of the record makes clear that in their noble effort to minimize the impact of their divorce upon their daughter's life, the family retained their daughter's primary residence as the original family home in Archbold.
 {¶ 22} We have carefully scrutinized and considered the disputed State Farm policy language. We find the policy clearly and unambiguously established a mandatory requisite of primary residency to enable UIM coverage. We concur with the many other courts which have considered this issue and find that there can be but one primary residence. The record of evidence reflects decedent's primary residence was with her *Page 8 
father. As such, his UIM claim was approved and settled. Reasonable minds can only conclude that decedent's mother did not meet the "primarily resides with you" coverage requirement.
 {¶ 23} Lastly, even assuming arguendo that the coverage eligibility prerequisite was met, we find that additional coverage was precluded by the anti-stacking provision limiting total recovery to $100,000. $100,000 was recovered in this case. In a similar matter before this court, UIM coverage was sought under multiple State Farm policies and was challenged due to be $100,000 anti-stacking language.
 {¶ 24} We found no further obligation in excess of $100,000 on the part of State Farm due to the anti-stacking language. Stemen v. StateFarm Ins. Co., 6th Dist. No. WM-06-003, 2006-Ohio-4919. Thus, even assuming for the sake of argument that decedent's mother had met the coverage eligibility definitions, the anti-stacking language bars further recovery.
 {¶ 25} Wherefore, based upon all of the foregoing, we find appellants' assignment of error not well-taken. The judgment of the Fulton County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment of the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
 JUDGMENT AFFIRMED. *Page 9 
Arlene Singer, J., William J. Skow, J., and Thomas J. Osowik, J., concur. *Page 1